UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DIANA LEWIS AND BRIAN LEWIS**                                                  **CIVIL ACTION**

**VERSUS**

**BATON ROUGE POLICE DEPARTMENT,**                               **NO. 08-700-B-M2**
**ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, December 19, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DIANA LEWIS AND BRIAN LEWIS                              CIVIL ACTION

VERSUS

BATON ROUGE POLICE DEPARTMENT,                           NO. 08-700-B-M2
ET AL

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The pro se plaintiffs, Diana Lewis and Brian Lewis (collectively "plaintiffs"), filed this suit on October 29, 2008. In the suit, they challenge the actions of the trial judge in a state court suit that they filed in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against the Baton Rouge Police Department, several individual law enforcement officers employed by the Baton Rouge Police Department, the Louisiana Department of Corrections, the East Baton Rouge Parish Prison, Earl K. Long Hospital, Shaw Group Inc., Keta Group, L.L.C., Global Industrial Solutions, LLC, Corporate Security Solutions, FEMA, and several individually-named defendants. Plaintiffs contend that the state trial judge presiding over their state court case, Judge Curtis Calloway, acted improperly in refusing to have a trial in his court relative to their state court suit, in characterizing their court documents as frivolous, and in revoking their *in forma pauperis* status.

Following the *Spears* hearing in this Court, it became evident that the relief plaintiffs seek in this matter is to have this Court either review the actions and decisions of the state

1

court judge relative to their state court case and/or to have this Court assume their state court case and have it tried in this forum due to the alleged errors and bias of the named state court judge, neither of which is within this Court's power.  Where a plaintiff herein seeks federal review of state court determinations in connection with a state court action, it is beyond the power of the federal court to enjoin the effect of the state court judgments. *Eitel v. Holland*, 787 F.2d 995 (5th Cir. 1987)(quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478 (5th Cir. 1981)(Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court," and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action in federal court).  If the plaintiffs disagree with the actions and decisions of the trial judge relative to their state court case, they have available to them the state court appeals process, through which the correctness and propriety of those actions may be evaluated.[1]

Under 28 U.S.C. §1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made

---

[1] Additionally, to the extent plaintiffs' claim may be interpreted as seeking an order from this Court compelling the state court judge to take action in their state court case, this Court lacks jurisdiction to review actions in the nature of a mandamus to compel state officers or employees to perform duties owed to the plaintiff.  *Rothstein v. Montana State Supreme Court*, 537 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361.

at any time before or after service of process and before or after an answer is filed.  *Cf.*, *Green v. McKaskle, supra*.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

For the reasons discussed above, the pleadings filed in this matter fail to show that there is an arguable factual or legal basis for plaintiffs' claims, and the Court is satisfied that the action is frivolous and fails to state a claim upon which relief may be granted. Accordingly, pursuant to 28 U.S.C. §1915(e), this matter should be dismissed with prejudice.

## **RECOMMENDATION**

For the above reasons, it is recommended that the claims of plaintiffs, Diana Lewis and Brian Lewis , be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915.

Signed in chambers in Baton Rouge, Louisiana, December 19, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**